IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-mc-00166-WJM-KLM

MICHAEL J. TRACY,

    Plaintiff,

v.

JEFFREY A. WEINMAN,

    Defendant.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the Court's **Order to Show Cause** [#16].[1] Defendant timely filed a Response [#18] to the Order to Show Cause.

    On June 22, 2015, Plaintiff served Defendant with a subpoena for production of documents. *See* [#12] at 3-5. The parties agree that Defendant has produced all clearly non-privileged documents which are responsive to this subpoena. *Id.* at 1. Defendant is an attorney who represented Telemetrix, Inc. and Convey Communications (the "Clients") in prior litigation. The documents sought by Plaintiff stem from that litigation. In a Stipulation [#12], the parties stated that some or all of the documents which have not yet been produced may be subject to the attorney-client privilege. However, "[Defendant] Weinman does not hold the privilege and takes no position as to whether the privilege attends any particular Document and, if so, whether waiver or any exception may apply. Weinman does not believe, however, he is entitled to produce the Documents absent

---

[1] "[#16]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

judicial determination regarding their status.  Weinman has received no communication from his former clients respecting this matter."

Based on this information, on November 4, 2015, the Court directed Plaintiff to serve a copy of the Order [#13] and the Motion to Compel [#2] on the Clients no later than November 19, 2015.  Plaintiff was permitted to serve counsel for Telemetrix, Inc. in the underlying litigation filed in the United States District Court for the District of Nebraska, *Tracy v. Telemetrix, Inc. et al.*, Case No. 8:12CV-359, in lieu of serving the company directly.  Plaintiff was directed to file Certificate(s) of Service with this Court, which he did on November 10, 2015.  *See* [#15].

On November 4, 2015, the Court further ordered Defendant to provide copies of the Potentially Privileged Documents which are subject to the subpoena to the Clients no later than November 19, 2015.  *See* [#12] at 3-4.  The Court directed Defendant to file Certificate(s) of Service with this Court.  *See* [#13].  Defendant had not done so.  *See* [#14].  Thus, there was no indication on the docket that the Clients received copies of the Potentially Privileged Documents to review so they could determine whether to assert or waive the attorney-client privilege.  The Order to Show Cause [#16] was therefore issued requiring Defendant to explain why he had not complied with the Court's Order.

In conjunction with the Response to the Order to Show Cause, Defendant has filed a Certificate of Service indicating that both of the Clients have been served with the appropriate documents as of December 11, 2015.  *See* [#19].  Since that time, Telemetrix, Inc. has filed a Privilege Log [#22].  Convey Communications has not entered an appearance in this matter.  However, because Defendant's service of the Court's Orders on Convey Communications occurred after the deadline originally set by the Court, there is no current deadline by which Convey Communications must assert privilege as to any

of the Potentially Privileged Documents.  Accordingly,

    IT IS HEREBY **ORDERED** that the Order to Show Cause [#16] is **DISCHARGED**.

    IT IS FURTHER **ORDERED** that **on or before January 19, 2016**, Convey Communications shall file a Notice with this Court stating whether it asserts or waives the attorney-client privilege regarding the Potentially-Privileged Documents.  If it asserts the attorney-client privilege over some or all of those documents, Defendant shall provide hard copies of the documents at issue to the Court for in camera review **on or before January 26, 2016**.  Defendant shall produce to Plaintiff any documents over which the Clients do not assert the attorney-client privilege within three business days after the filing of the Notice. If Convey Communications fails to file the Notice, the Court will deem the attorney-client privilege waived and will direct Defendant to produce the documents.

    IT IS FURTHER **ORDERED** that the Clerk's Office shall mail a copy of this Order to Convey Communications at the address indicated in the Certificate of Service [#19].

    Dated:  January 6, 2016

                                                BY THE COURT:

                                                Kristen L. Mix
                                                United States Magistrate Judge