IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-mc-00166-WJM-KLM

MICHAEL J. TRACY,

    Plaintiff,

v.

JEFFREY A. WEINMAN,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on Plaintiff's **Motion to Compel** [#2] (the "Motion"), Defendant's **Status Report and Privilege Log** [#22] (the "Privilege Log"), Convey Communications' **Notice of Joinder in Status Report and Privilege Log Filed by Telemetrix, Inc.** [#25], and submission by Defendant of documents identified on the Privilege Log for *in camera* review. The Court has considered the case file, the applicable law, and the documents tendered for review. For the reasons set forth below, the Motion [#2] is **GRANTED in part and DENIED in part.**

Defendant has identified three documents, consisting of nine pages, which it contends are protected from disclosure by the attorney-client privilege. Defendant has the burden of establishing that the attorney-client privilege applies to these communications. *In re Foster,* 188 F.3d 1259, 1264 & n.5 (10th Cir. 1999); *see also Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984) (holding that a privilege log may not clearly establish that privilege applies). The attorney-client privilege protects communications

made in confidence between the client and the attorney in order to obtain or deliver legal assistance that were intended by the participants to be confidential. *Aull v. Calvacade Pension Plan,* 185 F.R.D. 618, 624 (D. Colo. 1998); *see also Cavallaro v. United States,* 284 F.3d 236, 245 (1st Cir. 2002). "The privilege protects only the communications to the attorney; it does not protect any underlying and otherwise unprivileged facts that are incorporated into a client's communication to his attorney." *Gordon v. Boyles*, 9 P.3d 1106, 1123 (Colo. 2003).

One of the pages listed on the privilege log is a "letter" dated January 1, 2009, from Tower Gate Capital Limited to "Telemetrix, inc. and its associates" (sic) [Bates No. W00256]. This document is not a communication between a client and its attorney, does not appear to have been made in confidence, and was not made for the purpose of seeking legal advice. Accordingly, it is not protected by the attorney-client privilege and must be produced.

IT IS HEREBY **ORDERED** that the Motion [#2] is **GRANTED** as to document No. W00256 and that Defendant shall produce the document to Plaintiff **on or before January 29, 2016**. The Motion [#2] is **DENIED** as to the remaining documents identified on the Privilege Log.

IT IS FURTHER **RECOMMENDED** that this case be **DISMISSED with prejudice**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo

review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 22, 2016                         BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge